UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| ERIC DECASTRO, | : | |
| Plaintiff, | : | **REPORT AND RECOMMENDATION TO THE HONORABLE** |
| - against - | : | **PAUL A. CROTTY** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | 06 Civ. 14273 (PAC)(FM) |
| | : | |
| Defendant. | | |

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

Pro se plaintiff Eric DeCastro ("DeCastro") brings this action pursuant to Section 205(g) of the Social Security Act, as amended ("Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), to challenge the suspension of his Supplemental Security Income ("SSI") and Social Security Disability Insurance Program ("SSD") benefits. The Commissioner ("Commissioner") of the Social Security Administration ("SSA") has moved to dismiss DeCastro's amended complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)"), for lack of subject matter jurisdiction. (Docket No. 10). For the reasons set forth below, I recommend that the Commissioner's motion be granted.

I.       Relevant Facts

On January 11, 1994, an administrative law judge ("ALJ") issued a decision granting DeCastro both SSD and SSI benefits. (Decl. of John J. Timlin, dated May 24, 2007 ("Timlin Decl." or "Timlin Declaration"), ¶ 3(a) & Ex. 1 (Decision) at 4-5).[1]  He then received benefits for the next twelve years.

In or around 2006, the SSA learned that a warrant calling for DeCastro's arrest had been issued by the Louisiana Department of Public Safety on December 13, 2005, based on DeCastro's commission of either a felony or a violation of his probation or parole. (Id. Ex. 2 at 1).[2]  The SSA consequently notified DeCastro on May 7, 2006, that his SSD benefits should have ceased as of the date that the warrant had been issued. (Id.). The following day, the SSA issued a similar notice with respect to DeCastro's SSI benefits. (Id. Ex. 3 at 1). Both notices warned DeCastro that the payment of further benefits would be stopped unless the SSA heard from DeCastro within a specified brief period of time. (Id. Ex. 2 at 3, Ex. 3 at 3-4). The notices further indicated that DeCastro could seek reconsideration of the SSA's determinations. (Id. Ex. 2 at 3, Ex. 3 at 4-5).

DeCastro requested reconsideration of the SSA's determinations on June 23, 2006. (Id. Ex. 4). As of the date that the Commissioner's Rule 12(b)(1) motion was filed, however, DeCastro had yet to provide proof to the SSA that criminal proceedings were no

---

[1]   "Ex." refers to the exhibits annexed to the Timlin Declaration.

[2]   Under the Act, the SSA must suspend benefit payments to individuals who are probation or parole violators or felons fleeing to avoid prosecution, custody, or confinement. See 42 U.S.C. §§ 402(x)(1)(A)(iv), (v); 1382(e)(4)(A).

longer pending against him or that the warrant had been vacated, as the procedures outlined in the SSA notices required.  (See id. Ex. 5).  Indeed, DeCastro concedes that he is presently being held in the Jefferson Parish Correctional Center "under [a] so-called [L]ouisiana probation evasion violation hold."  (See letter from DeCastro to the Court, dated Aug. 8, 2007).

Curiously, DeCastro's complaint in this action is dated September 26, 2006, but was received by the Pro Se Office of this Court nearly two months earlier, on August 8, 2006.  (See Docket No. 2 (Compl.)).  On December 8, 2006, the complaint was docketed.  (Id.).  That same day, Chief Judge Wood issued an order which explained to DeCastro that a plaintiff bringing an action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to contest the SSA's denial of benefits must first exhaust his administrative remedies.  (Docket No. 3 at 2-4).  Because DeCastro failed to show that he exhausted those remedies before filing suit, Judge Wood instructed him to amend his complaint within sixty days to cure the defect.  (Id. at 4).

DeCastro filed an amended complaint on December 20, 2006.  (Docket No. 4).[3]  In that pleading, DeCastro takes issue with the Commissioner's decision and complains that his arrest was a "set up," but sets forth no facts suggesting that he has, in fact, exhausted his administrative remedies.

---

[3]   The amended complaint does not appear to be in the court file, but is annexed to the Timlin Declaration as Ex. 7.

On February 5, 2007, DeCastro's case was reassigned to Your Honor. (Docket No. 5). Thereafter, on February 8, 2007, the case was referred to me for a report and recommendation. (Docket No. 6). After the Commissioner was served with the amended complaint on or about March 5, 2007, (Docket No. 8), the Commissioner moved, on July 5, 2007, to dismiss the amended complaint, pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction. (Docket Nos. 10, 11).

I held a telephone conference on August 23, 2007, to determine whether there was any evidence that DeCastro had exhausted his remedies. Although it soon became apparent that DeCastro had not taken the steps necessary to exhaust his remedies before filing suit, he declined to discontinue his action voluntarily. At DeCastro's request, during the conference I extended DeCastro's time to submit papers opposing the Commissioner's motion to October 8, 2007. (Docket No. 15). Thereafter, I granted DeCastro a further extension to submit his opposition papers to October 15, 2007. (Docket No. 16). Despite these extensions, no further papers have been received.

II.     Applicable Law

   A.     Standard of Review

In resolving a motion to dismiss a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the court must accept as true all factual allegations made in the complaint and draw all inferences in the light most favorable to the plaintiff. See Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000); Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). The court nevertheless is not limited to the face of the complaint

and may consider evidence outside the pleadings.  See Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir. 2002); Robinson v. Gov't of Malaysia, 269 F.3d 133, 140-41 (2d Cir. 2001); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).  Ultimately, the plaintiff has the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction to hear his claim.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996).

     B.     Exhaustion of Administrative Remedies

Pursuant to the Act, the Government has waived its sovereign immunity to enable a person who is dissatisfied with the disposition of his claim for SSD benefits to seek judicial review following a "final decision of the Commissioner of Social Security made after a hearing to which he was a party."  42 U.S.C. § 405(g) (emphasis added).  The Act also extends the same opportunity to persons who contest the SSA's denial of SSI benefits.  Id. § 1383(c)(3).  Neither judicial review provision of the Act defines the term "final decision," a task which therefore was left to the SSA to accomplish through regulations.  See Sims v. Apfel, 530 U.S. 103, 106 (2000); Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

The SSA regulations require claimants to complete a four-step administrative review process in order to obtain a judicially-reviewable final decision.  That process consists of:  (1) an initial determination; (2) reconsideration; (3) an ALJ decision; and (4) Appeals Council review.  See Heckler v. Day, 467 U.S. 104, 106-07 (1984); 20 C.F.R. §§ 404.900(a), 416.1400(a).  A decision by the Commissioner is not

considered "final" until the claimant has exhausted all of his administrative remedies under the Act.  Mathews v. Eldridge, 424 U.S. 319, 327 (1976).  Accordingly, a claimant may not file a suit in federal court until there has been either an adverse decision by the Appeals Council or the Appeals Council denies the claimant's request for review of the ALJ's decision.[4]  20 C.F.R. §§ 404.981, 416.1481.

III.    Discussion

In his amended complaint, DeCastro alleges that he "exercised [his] right to appeal" the termination of his benefits through his June 13, 2006, letter to the SSA, but has yet to receive a response.  (See Am. Compl. at 1).  That letter was attached to a Request for Reconsideration form that DeCastro submitted to the SSA.  (See Timlin Decl. Ex. 4).  This submission set in motion the second step of the administrative review process, but there is no indication that the SSA has completed its reconsideration of the denial of SSI and SSD benefits to DeCastro.  Indeed, it appears that no action has been taken on DeCastro's request because he has failed to demonstrate to the SSA's satisfaction that his warrant is no longer outstanding.  (Id. Ex. 5).  Furthermore, even if DeCastro were able to show that the SSA had denied his request for reconsideration or should be deemed to have

---

[4] The exhaustion requirement may be waived by a federal court in exceptional circumstances.  See Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992).  For example, in Bowen v. City of New York, the Supreme Court recognized a limited exception to the exhaustion requirement in a case in which the plaintiffs' benefits claims were collateral to the allegations in their class action suit challenging SSA policy and many class members were unaware of that policy when the suit was filed.  476 U.S. 467, 482 (1986).  By comparison, in this action DeCastro is proceeding individually, is not challenging an SSA policy, and was fully aware of the SSA's exhaustion requirements before he instituted suit.

done so in light of the passage of time, there is no indication that he ever filed an appeal, much less secured a decision from the Appeals Council. He consequently has failed to meet his burden of establishing that he exhausted his administrative remedies. See Heckler, 467 U.S. at 106-07; 20 C.F.R. §§ 404.900(a), 416.1400(a). This Court therefore lacks jurisdiction to review DeCastro's claim. See 42 U.S.C. §§ 405(g), 1383(c)(3).

During the telephone conference on August 23, 2007, I explained the exhaustion requirement to DeCastro and urged him to discontinue this action so that he could pursue administrative exhaustion without further delay. He flatly rejected this suggestion. The only explanation for continuing to pursue this suit that DeCastro has advanced in his papers is that his mental condition allegedly impairs his ability to resolve the warrant. (See Am. Compl. at 2; Timlin Decl., Ex 2 at 3). However, even in the context of this lawsuit, to secure the restoration of his benefits DeCastro would have to show that he has not been convicted of (or pleaded guilty to) a felony since the warrant issued and that the Louisiana agency that issued the warrant does not intend to act on it. (See Timlin Decl., Ex. 2 at 3, Ex. 3 at 3-4). DeCastro cannot make this showing because he was being held in a Louisiana facility pursuant to a warrant by the time of the August 23 conference call. As a consequence, even if DeCastro were not suffering from an alleged mental impairment, he would be unable to show that the State of Louisiana was unwilling to act on the warrant, a necessary predicate to the restoration of his benefits.

IV.     Conclusion

For the foregoing reasons, the Commissioner's motion should be granted and the case dismissed for lack of subject matter jurisdiction.

V.      Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have objections to this Report and Recommendation, they must, within ten days from today, make them in writing, file them with the Clerk of the Court, and send copies to the chambers of the Honorable Paul A. Crotty and to the chambers of the undersigned, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Crotty. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

Dated:  New York, New York
        October 19, 2007

/s/ FRANK MAAS
FRANK MAAS
United States Magistrate Judge

8

Copies to:

Hon. Paul A. Crotty
United States District Judge

Eric DeCastro (Pro Se)
#38099
POD #1F; Bed #12B
Jefferson Parish Correctional Center
P.O. Box 388
Gretna, LA 70054

John E. Gura Jr., Esq.
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Fax:  (212) 637-2750