USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 0 4 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
ERIC DECASTRO,

      Plaintiff,

  - against -

MICHAEL J. ASTRUE,
Commissioner of Social Security

      Defendant.
---------------------------------x

06 Civ. 14273 (PAC) (FM)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Petitioner Eric DeCastro brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to challenge the suspension of his Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSD") benefits. The Commissioner ("Commissioner") of the Social Security Administration ("SSA") moved to dismiss Mr. DeCastro's amended complaint, pursuant to Rule(12)(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction.

## BACKGROUND

Mr. DeCastro's claim relates to his loss of SSI and SSD benefits in 2006 after the Louisiana Department of Public Safety issued a warrant for his arrest on December 13, 2005. Under the Act, the SSA must suspend benefit payments to people on probation, to parole violators, or to felons fleeing to avoid prosecution or custody. See 42 U.S.C. §§402(x)(1)(A)(iv), (v); 1382(e)(4)(A). On May 7 and May 8, 2006, the SSA notified Mr. DeCastro that he would lose his SSD and SSI benefits unless he provided proof that the criminal proceedings were terminated or that the warrant had been vacated. On June

23, 2006 Mr. DeCastro requested that the SSA reconsider its determination, but he failed to show that the criminal proceedings had been terminated or that the warrant was vacated.[1]

Mr. DeCastro filed a complaint in Federal Court on December 8, 2006.[2] That same day, Chief Judge Wood issued an order telling Mr. DeCastro that under the Act he must first exhaust his administrative remedies before filing a complaint with the Court. Judge Wood gave Mr. DeCastro sixty days to amend his complaint to cure the defect. In his amended complaint to the Court, filed December 20, 2006, Mr. DeCastro claimed that his arrest was a "set up," but he did not show how he had cured his procedural defects by exhausting his administrative remedies. (See Pl.'s Am. Compl.).

This Court referred the matter to United States Magistrate Judge Frank Maas, who issued his Report and Recommendation ("R&R") on October 19, 2007, recommending that the Commissioner's motion for dismissal be granted.[3] The Magistrate Judge provided ten days for written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), and specifically advised that the failure to file objections "will result in a waiver of those objections for purposes of appeal." (R&R 8). No objections have been filed.

---

[1] In fact, in a letter to the Court dated August 8, 2007, Mr. DeCastro noted that he was being held at that time in the Jefferson Parish Correctional Center in Louisiana. (See Letter from DeCastro to the Court (Aug. 8, 2007)).
[2] December 8, 2006, is the date that the Court docketed Mr. DeCastro's complaint, even though his complaint is inexplicably dated September 26, 2006, and the complaint was received by the Court's Pro Se office on August 8, 2006. (See Pl.'s Compl.).
[3] Magistrate Judge Mass held a telephone conference with Mr. DeCastro on August 23, 2007, to determine whether Mr. DeCastro had taken any steps to exhaust his administrative remedies. Magistrate Judge Mass also extended Mr. DeCastro's time, twice, to file papers in opposition to the Commissioner's motion to dismiss. Mr. DeCastro failed to file any opposition to the motion.

## DISCUSSION

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citation omitted). Upon review and analysis, the Court finds no clear error in Magistrate Judge Mass' determination that Mr. DeCastro failed to show that he exhausted his administrative remedies before filing an action in federal court. Since the administrative action is not final, the Court lacks jurisdiction to review Mr. DeCastro's claim.

Accordingly, the Court accepts and adopts the Report and Recommendation as its opinion, and the Commissioner's motion to dismiss is GRANTED. Pursuant to 28 U.S.C. § 1915(a)(3), I find that any appeal from this order would not be taken in good faith. Petitioner did not file objections to the Report and Recommendation, as he was required to do in order to preserve his right to appeal.

The Clerk of the Court is directed to enter an Order closing this case.

Dated: New York, New York
September 4, 2008

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy mailed to:

Eric DeCastro
801 Tilden St., Apt. 16C
Bronx, NY 10467